Next case up is Pekin Insurance v. Wallace. I have recused myself from this case. Justice Cates is going to be presiding. I'm going to step back and Justice Goldenhurst is going to come back out. Give us a second. All rise. It seems like could you make me a copy of these pages that I wrote on them? Yes, ma'am. It doesn't have to be right now. Please be seated. Please be seated. Okay. As indicated by Justice Schwarm, we're going to call the case of Pekin Insurance Company v. Harlan Wallace, Allen Tipsword, and Gay Tipsword 5-15-0388. Mr. Berglund? Good morning, Your Honor. Good morning. May it please the Court and the Counsel, I'd just like to start off briefly by sending a message to the Court from my wife, thanking you for setting these two arguments on the same day. I'm the bath guy at home, so any night that I can be there, she values, so thank you very much for doing that. In this case, I'm representing Pekin Insurance Company, who is the plaintiff and appellant. This is an insurance coverage dispute, but it doesn't come to you on the merits today. It comes to you from Shelby County on the denial of Pekin Insurance Company's motion to vacate and reinstate its complaint for declaratory judgment in Shelby County. I don't want to bore you with- So, yeah, let's, as you get right to the question for me, why did you, why did Pekin Insurance refile in Shelby County when everything was going on in Madison County? Because we believe in, and you hit the nail right on the head. Thank you. This case really is about forum. We believe that the proper forum to litigate the coverage dispute is in Shelby County, not Madison County. But couldn't that have been raised in Madison County on a formal, non-convenience motion? It was. It was raised in Madison County. But it was raised, what, years before? No, it was actually, here's what happened. So, Pekin initially files this complaint in Shelby County. Wallace files a suggestion of bankruptcy. We voluntarily dismiss and file an adversary complaint in bankruptcy court. Right. That complaint is dismissed for lack of subject matter jurisdiction. On the same day it's dismissed, we are joined as a defendant in the liability lawsuit in Madison County. So that is July 23rd, I believe, 2015. Right. And in response to that complaint, we filed a motion to dismiss the bad faith account. But you filed that in? In Madison County. Madison County. Right, correct. And to transfer venue of the declaratory account, which is actually the pleasant breach of contract account, from Madison County to Shelby County. Right. So why did you file a new proceeding, or actually ask to vacate the proceeding and start again in Shelby? Why did we file a new complaint in Shelby County? Right. You were already in Madison. You'd filed responsive pleadings in Madison. Well, we filed a motion to dismiss. We didn't finance it. We filed a motion to dismiss. A motion to dismiss is a responsive pleading. To transfer venue. Was that a 187 motion? Yes, it was. Judge Ruth denied the motion. We filed a PLA from that denial. The Appellate Court of the District denied the PLA. Filed a PLA to the Supreme Court, and the Supreme Court recently denied that PLA. But at the time you filed in Shelby County? In 2014? No, on this most recent one that's under appeal. The motion for leave to vacate. Right. Why did you do that when you could have transferred venue, or at least you had your motion pending in Madison County? I don't understand why you wanted to vacate the prior dismissal order. If we vacate the prior dismissal, and that case is now rejuvenated in Shelby County, it's more reason for Judge Ruth to transfer the case from Madison County to coverage actions. From Madison County to Shelby County. Explain to me which factor under the forum non-convenience statute would take that into consideration. The fact that there was another, there is another action. The fact that you had rejuvenated a prior dismissed action when you were already in Madison County. You were already filing a motion to dismiss in Madison County. I don't understand what Pekin was doing in Shelby County. I don't understand their thinking. Pekin's thinking was, as I said, it was trying to reinstate the complaint that it had filed there. Which the court, when it dismissed its complaint initially, allowed a thief to reinstate it. I understand that, but why? We missed the race to the courthouse, okay? Because when the adversary complaint was dismissed in federal court, from bankruptcy court, the very same day, Plans Council named Pekin as a party in Madison County. While you were in bankruptcy, they couldn't have named you without causing a stay of their litigation, right? That's correct. So it's not like there was any evil motive. It was a procedural issue that once you're out of bankruptcy, then you're kind of like a target again. As I said, this case is, and you're correct, it's about forum. And all of these machinations relate to which forum the coverage action should be litigated. In which forum should it be litigated. And we did file a motion to transfer venue. And that motion was denied. And we set forth all the factors for a forum non-convenience motion. And those reasons were not taken well by Judge Ruth. So let me ask that about timing. So was your forum non-convenience motion denied before you went back to Shelby County? The forum non-convenience motion, I believe, was denied after. Okay. Because two weeks had passed from July 23rd, 2015, when we were joined in Madison County. And then August 7th is when we filed a motion for leave to reinstate in Shelby County. And I guess the way that Pekin is looking at this is this is one last opportunity that the court has to actually take a look at the forum issue. Although it denied the petition for leave to appeal, the denial of a forum non-motion. It can take a look at it here. And it can consider, really, what is the proper forum for coverage? Why can't Judge Ruth do that? Judge Ruth did that. No, but at the time that you filed in Shelby, he had not done that, you just told me. He had not ruled. That's correct. We advised him of the fact that we were seeking to reinstate our action in Shelby County. So he was aware that that's what we were trying to do. But nonetheless, he took that, if he took it into consideration at all, he was aware of it. And he still denied a motion to transprevent it. He, like Judge Bennett, believed that the case belonged in Madison County. And we believe that Judge Ruth was wrong, and so was Judge Bennett, to make those conclusions. And we're here today, and you have a perfect opportunity to send this case back to Shelby County, and on remand, issue a direction that says this case, this coverage dispute, belongs in Shelby County, not Madison County. And currently, we are involved in the discovery process in Madison County. We haven't filed an answer yet for a counterclaim, because frankly, I've been waiting on what's going to happen here in order to do that. Trial is set for June 20th, and... Trial is set for June 20th, and you haven't filed an answer yet? Right. Has your motion to dismiss been ruled on? The motion to dismiss has been ruled on. One of the counts has been dismissed and not replayed. So the motion to dismiss was denied, and you haven't filed an answer? The motion to transfer venue was denied. Okay, I asked you about the motion to dismiss. Has that been denied? The motion to dismiss was just based on one count. Okay. And the motion to transfer venue was based on a different count. So the motion to dismiss was based on a bad faith claim that had been asserted by the plaintiffs. That was dismissed because they lacked standing. I can't help but think this was a runaround. But here's the deal. There's no... And I understand that, and Mr. Wendler has indicated that as much as well. This is not a runaround. We're trying to get the coverage action litigated. The coverage action is easily litigated in Madison County, and it seems like Judge Roof has already ruled on it now. He hasn't ruled on the coverage action. He has ruled on where he believes... On the forum. Right, on where he believes that the forum is proper. But you wanted the coverage action litigated in a different forum. So let's just only talk about the forum. Sure. You had already filed a Rule 187 in Madison County. That's correct. And then you went up to Shelby County and filed a motion to vacate? Right. So this is... I'm not sure. I'd have to look at the record again to see exactly when the timing was. Well, that's pretty important, don't you think? I don't know... I mean, under Rule 137, that's really important. Well, the tipser's council had moved for sanctions several times, once in Madison County and once in Shelby County. Why would they do that if you had a good-faith filing? Well, we did. And Judge Bennett denied the sanctions motion, and so did Judge Roof. So those issues aren't on appeal before the court. The tipser's council did not appeal the issue of sanctions. I'm having a hard time understanding the filing in Shelby. I just can't... The filing in Shelby was in further effort to place the case in Shelby County where it was originally filed and where Pekin believes is the proper forum to litigate the coverage dispute. So that's why we took the avenue that we took, and we filed a motion for leave to vacate and reinstate in Shelby County. Because we believe that's the proper forum, as we argued in our motion to transfer vengeance of the Madison County case. And... You probably still think it's the correct forum. No, I do. And that's why I'm here today, and that's why I was asking that Your Honor set the case for oral arguments so that I could come down and I could tell you that in person, rather than the 187 motion that we had filed that was denied, and we filed a petition for leave to appeal, which wasn't heard. So, you know, I think that the court is in a perfect stance or has the perfect opportunity here to be able to do that. And I believe that I set forth in the brief why the case, the coverage action specifically, belongs in Shelby County. Now, I'm asking all the witnesses with respect to the coverage issue, which is late notice, are located either in or near Shelby County than Madison County. Really, the only thing that ties the coverage action to Madison County is the fact that that's where the tipsworth's dairy farm is located. But that doesn't even bear on the issue of coverage here. What bears on the issue of coverage is, when did Mr. Wallace first notify Pekin of the lawsuit and the claim? And he's testified that he told his insurance agent in Shelbyville, and he told his insurance agent in Altamont. Mr. Wallace himself is a resident of Shelby County. He's obviously going to be a key witness in the coverage dispute. And the policy was delivered in Shelby County. Nothing with respect to the issue of insurance coverage is located in Madison County. The only thing that's located there is the underlying liability suit, the plaintiff's tipsworth's attorneys, and the attorneys for the other counterclaimants in this case. And that's it, and then the dairy farm. So it's our position that, taking a look at all of the facts and the evidence, that the case really belongs in Shelby County, and that Judge Bennett abused his discretion by denying our motion to vacate and restate the complaint there. And I believe that the court has authority to, on demand, issue a direction and state for the record that this case belongs in Shelby County and not Madison. If the court grants your motion, aren't you getting a de facto appeal on your Rule 187? If you want to look at it like that, yes. But that's not – I see what you're saying, but we're not trying to take two bites out of the same apple here. And I disagree with a conclusion that it could be that. Or not that it could be that, but that it is not that. That's not what we're trying to do here. But that's what I haven't heard. To be honest with you, I haven't heard you explain what you are trying to do except to get another court to look at form. Well, we're trying to get this court to look at form, which is the appellate court in this district. This court's not looking at form. This court's looking at a motion to vacate. Well, you can look at form in this motion to vacate when you're looking at whether the court abused its discretion or not. Because part of the tipsworth's arguments here are pursuant to Section 2619A. And under that analysis, a central inquiry is which form is the most connected to the case. So it's not, for purposes of 2619A3, it's not whose complaint was filed first, where was the action filed first. It's which action is the most connected to this case. And that's part of the basis for the tipsworth's response to our motion to vacate and reinstate was, hey, this flies in the face of 2619A3. Judge Bennett adopted all of the reasons that were argued by the tipsworths in their response and the oral argument. And therefore, that is one of the issues that is on appeal. That is one of the issues that the court can take a look at. And under 2619A3, a central inquiry is which form is most connected to the case. And in this case, we'd say that for purposes of insurance coverage, not liability, because there's no dispute that the liability action belongs in Madison County. For purposes of insurance coverage, Shelby County is where the case should be litigated. And, you know, presently, there's been some confusion. We issued a reservation of rights to Mr. Wallace. So now, Pekin is, you know, defending Mr. Wallace subject to a reservation of rights against the allegations that have been directed against him. And then there's this coverage action that's embedded in the liability suit. And as you guys know, courts strive very hard to separate the issues of coverage and liability. So Judge Ruth has bifurcated those issues for purposes of trial. It still creates a lot of confusion and perspective to discovery and other issues as to which this pertains to. What part of the case this pertains to? Is Mr. Wallace entitled to a defense for this part of the case? Is he entitled to a defense for that part of the case pursuant to the reservation? And if you were to just sever the case, pick it up, put it in Shelby County, give it a different courtroom, different case number, there would be no question as to whether, you know, the issues would pertain to liability or coverage, because they'd be in two different courthouses, two different counties. Judicial economy, would that be served by your proposal? I believe it doesn't. It's a moot point, I believe, because the issue of coverage is separate and distinct from the issue of liability, so there's going to have to be two trials anyway. The only thing is, and the quill in the tip towards bow here is that all of the attorneys are located in Madison County, and it's really inconvenient, and it's a long drive to get to Shelbyville from Edwardsville or St. Louis or wherever they're located. And I would just say that that is a factor, and I'm not going to deny the fact that the courts do look at that, but it's definitely not high on the list. And right here in this case, it seems like that has been foisted to, like, the top consideration. Well, you know, everybody's in Madison County, so why don't we just keep it in Madison County? And I think that that overlooks the fundamental reasons of why the coverage action belongs in Shelby County. It overlooks the fact that all the evidence and most of the witnesses are in Shelby County and not Madison County. So now we're going to have to drag people from Shelbyville, from Altamont, from Herrick, which is where Mr. Wallace lives, to Edwardsville to testify at trial, whereas they could drive, what, 25 minutes and be in Shelbyville for a trial. So what's more important, the convenience of the attorneys or the convenience of the witnesses? And I would submit to the court that it's the convenience of the witnesses that takes paramount, you know, position here. And that's why we filed in Shelby County, because that's where our insurer resides. Initially, in 2014, that's why we filed in Shelby County. And we, you know, there have been allegations that we're trying to run around, that we're trying to be some sort of a delay tactic here, and that's not it at all. We could have waited out the bankruptcy stay after the suggestion was filed in Shelby County, and said, okay, you know, we're going to be in Shelby County, and we'll just wait. But we didn't know how long that was going to take, and we wanted to litigate the issue of coverage, because I think it was to everybody's benefit to get that out of the way first. So they knew, especially the tip stewards, knew exactly what they had to deal with. Mr. Wallace would have been bankrupt and potentially has absolutely positively no insurance coverage. If that's the case, then that might, you know, help the tip stewards decide where they should be spending their efforts and energies. And so that's why we filed an adversary complaint in bankruptcy court, because we wanted to litigate the issue. And we were met with resistance there by the tip stewards and Mr. Wallace, saying that we lack subject matter jurisdiction to, you know, litigate there. So really what it is is they want the case in Madison County, and we want the case in Shelby County. And I think the court can here issue an order that specifically states and directs that the coverage action should take place in Shelby County. Thank you very much. Thank you. Mr. Wendler? Well, I'm Brian Wendler, and I'm here representing the Tipster family in this case. The position, may it please the court and counsel, the position of the Tipsters in this appeal, Your Honors, is that Judge Bennett's order has to be affirmed unless Pekin can establish not one but two things. First, Pekin must have showed there was an abuse of discretion by Judge Bennett when he denied the motion to reinstate when there was an identical case pending already in Madison County. We feel they lose on that point before we even get to the second point. Pekin must also show that Judge Bennett abused his discretion in his ruling that Madison County is the proper venue for this case. Pekin loses on that point as well as set forth in the brief and in the arguments that we will lay out here today. Your Honor, you brought up a point that I was going to bring up as well, and that is in the reply brief that Pekin has filed in the prayer, Pekin asked for a relief that was not asked for in the original brief. In the original brief, Pekin only asked for vacating the voluntary dismissal and reinstating the declaratory judgment action. Now in the reply brief, to which we didn't get a chance to respond, they asked for a holding by this court that Shelby County is the proper forum to litigate the insurance coverage issue. That's not proper for a number of reasons. That relief they're requesting cannot be allowed for the reasons that, one, it would, in fact, circumvent the appeal that they've already been denied by this court and most recently by the Illinois Supreme Court when they, when Pekin appealed the form non-convenience ruling of Judge Ruth. That was in case number 05-15-0434. We just got the PLA denial order from the Supreme Court, I believe, late last week or early this week. So they will be circumventing this court's ruling in that case, and also the Illinois Supreme Court's PLA denial, although PLA is not considered race judicata, I'm aware of that. But they've already had their bite of the apple on the form non-convenience issue. They would also be circumventing the fact that in the underlying appeal, I'm sorry, in the companion case appeal, the one that Pekin has lost, they asked Judge Ruth in Madison County not to transfer just the coverage issue. They asked Judge Ruth to transfer the whole case that had been pending in Madison County for two years. They asked him to transfer the whole case to Shelbyville on a claimed basis that it would be more convenient for the parties and for the trial. Well, Judge Ruth, that was kind of a no-brainer for him. The case had been pending in his court for two years. All the parties were in Madison County, and Pekin, who hadn't even disclosed its own witnesses yet, was claiming that Shelbyville, of all places, was the most convenient form. Well, Judge Ruth denied that, and they shouldn't get a second bite of that apple. Your Honor was asking counsel if they filed the motion to transfer venue before or after the Shelbyville case, and I think what really happened here is the day of the hearing in Shelbyville, the motion to reinstate, counsel approached me before the hearing and said, Hey, did you get my motion in Madison County yet? And no, I didn't. They mailed it either the day of or the day after the Shelbyville hearing, and that was the motion that Judge Ruth ultimately denied. But most importantly in that case, in the Madison County case that Judge Ruth has, the case had been pending for two years, Pekin did not ask to sever the coverage issue, the coverage accounts, from the rest of the case. They asked to transfer the whole case, and Judge Ruth properly denied that. It's been brought up here today, and this is not part of the record, but since counsel raised the issue and argument, he said that the case has been bifurcated now by Judge Ruth, and that is true. It's been claimed that we've been bifurcated so that we'll have one trial at a different time than the other trial because we don't want coverage being tried in front of a jury. He claims this is creating some confusion. Well, it's not creating confusion for anyone from the plaintiff's side of the fence or anyone else on the defense side of the fence except Pekin. When Pekin filed the declaratory judgment action in the bankruptcy court in Springfield, and this was while the Shelbyville case was pending. They went to the bankruptcy court and filed the case there. It wasn't just the plaintiffs that opposed what Pekin was doing in the bankruptcy court. It was the plaintiffs and all of the defendants in the underlying Massentine case who did not want that issue being litigated elsewhere. So suffice it to say, there's not been any confusion created by this bifurcation, and the only confusion that has been created is that Pekin still hasn't answered his government. We're two months away from trial, but the judicial economy factor, I think, is the most compelling and overriding issue here, and it's for that reason that Judge Bennett's order should be confirmed. In counsel's brief, there was an argument made that, with respect to a 49th convenience argument on that analysis, assuming the court wants to go there, that in a coverage dispute, the only thing that matters is where was the policy issue and where was the insurer. Well, the court looks to the certain underwriters, Lloyds of London v. Illinois Central case that we've cited. That case specifically talks about the fact in that case, and that was a declaratory judgment action for insurance coverage, and the court specifically focused in that case as one of the factors where was the railroad's property that was at issue in the case. Now, the location of the property was a factor in that case on an insurance coverage dispute, and the location of the property in this case is equally a factor on an insurance coverage dispute. On the 49th convenience analysis, it's also, I think, incredibly important to note that when Pekin filed the motion to reinstate, it had already conceded in the first Shelbyville action, it had already conceded that there were necessary parties that needed to be joined into the Shelbyville case because they also had an interest in the insurance coverage, just like my clients, and those three necessary parties were, coincidentally, the three named defendants in the Madison County action. But they went ahead and tried to reinstate the Shelby County case without bringing those three new defendants into the case yet, and now they're claiming that the record establishes for a form of nonconvenience analysis that you don't even need to consider those parties because they weren't actually parties to the lawsuit. Well, you have to consider them because Pekin had already conceded they were necessary and indispensable parties. So a form of nonconvenience analysis fails. With regard to the... Mr. Wendler, maybe you can help me understand. I cannot, and this would be conjecture on your part, but I still don't understand why Pekin went to Shelby County. When your case was pending, now you tell us that they had put in the mail at least a Rule 187 motion. I just can't get the philosophy of what they're doing in Shelby County after all of what's going on. Well, I can speculate. I don't have to speculate too hard. And I'm asking for conjecture. I've asked them directly, but I'm not getting an answer that helps me. The overall picture of these cases leads to only one conclusion. They want this case anywhere but Madison County for some reason. The whole case? The whole case. And if they can't get that, now they're asking that this court sever all. They never asked for that in the trial court. They did ask for that in the trial court with Judge Ruth after they appealed the form of nonconvenience ruling. Judge Ruth denied the severance but granted a bifurcation. But it's too late now for them to appeal the denial of the severance because they didn't ask for it prior to the form of nonconvenience appeal when they had a right to come to this court. So now they have to wait until the end of the case if they want to appeal the severance issue. But it's too late now, and I don't know if they're indirectly asking this court to do that, but I don't think that's proper at all for them to ask this court to. So the effect, if we grant their motion, Judge Ruth has already allowed a bifurcation. So if we grant their motion, we would have two proceedings with the exact same issues going on in two different courts. You would, and at this point you would have the Madison County Court with all the parties involved, and Shelbyville currently would have only the Tipsers, Wallace, and Pekin. They would have to join in these three other indispensable and necessary parties to the Shelby County action, and then we'd be blessed with driving to Shelbyville. And I like Shelbyville, there's nothing wrong with it, but it's not easy to get to. When you say they have to add the parties, so you would be at the point where if the motion is granted in Shelbyville, then summons has to go out, the whole service process begins all anew. Unless the defendants would waive. Right. But that's already occurring in Madison County. Yes, everybody's in Madison County. And they've all been served, and there's no issue, it's ongoing, you don't have to begin anew, and you would begin anew if we grant the motion. Yes, and if you reinstated the case back in Shelbyville, then that raises, if you vacate Judge Bennett's order, then we would then have pending in Shelbyville our motion to transfer venue to Madison County, which was never formally ruled on prior to the bankruptcy court ruling in the fiasco. And then, God only knows what the other defendants would do. I was going to address the jurisdiction issue, but I think it's a red herring because Judge Bennett ruled Madison County is where the case belongs, and he obviously assessed the jurisdiction and ruled substantively, and he also denied the motion for sanctions. But bottom line is Judge Bennett's order should be affirmed, and this case should go back to Madison County so we can wrap it up quite promptly. Unless there are any other questions, I will sit down. Thank you. Thank you. Do we have rebuttal, Mr. Bergman? I agree, Your Honor. Just a couple of things. First of all, when we moved to transfer venue in Madison County, we moved to transfer venue as it pertained to count 18, which is the breach of contract. We did not move to transfer the entire case, nor did we want to transfer the entire library. Could you speak up? Sorry. Nor did we want to transfer the entire liability action to Shelbyville because the liability action belongs in Madison County, and in our opinion, the coverage action belongs in Shelby County. With respect to the Boyd's case, I believe that that Boyd's case supports our position with respect to forum and not the tips words position. While it is true that in that case they did take a look at where the property was located, the primary focus was where the insurer was located, where the coverage witnesses were located, and where all of the evidence with respect to the issue of insurance coverage was located. Did you cite this Boyd's case in your brief? Yes, and so did, actually, I did cite it in our opening brief, but I responded to it in our reply brief. Okay, that's what I was. Is it true that if we grant the motion that you would have to add parties? We currently have, as part of the motion, it was a motion to, yes, that's your question. It was a motion to vacate, reinstate, and set hearing on all pending motions. Pending motions at the time that the dismissal order was entered were a motion to transfer venue that had been filed by tips words, and a motion to leave to file an amended complaint to add the necessary parties that the tips words had indicated we failed to add to our initial complaint. So if the motion is granted, then Mr. Wendler's Rule 187 motion would be heard? Yes. It's a forum nonconvenience motion. And that's why we would ask the court to issue a direction saying that the proper forum for the case and the coverage dispute is Shelby County and not Madison County. I don't understand why you think we can do that. Your supervisory authority, could you not issue a statement like that if it's something that- You haven't applied for that. It's not on appeal. That is correct. That is true. And Mr. Wendler is correct about that, that the first time we raised it was in our library. Right. So we can't consider that. We would submit that you can if Your Honor believes that you can. Well, you need to look at the rule, but we can agree to differ at this point in our discussion. It's no problem. Okay. Thank you. So you do request that the court not only vacate, but decide the issue of forum, just so I understand what you want us to do. Yeah, I'll apply for you guys the relief that we seek. Okay. This is golden ratio. If there are no other questions, I ask the court to reverse the finding of the judgment ruling of Judge Bennett in charge of finance. Thank you very much. And thank you, gentlemen. And you can extend our regards to your wife and tell her that any time any party needs to have a motion set, we're happy to accommodate if possible. I can't tell you how much that meant to her. She was very happy. But it's not just for you. It's for anyone, just so you know. We'll go on record that way. You guys are very accommodating. Yeah, we try to be. We try to be. And this matter will be taken under advisement and an order will issue in due course. We're going to take a short recess because of the change of the guard here. I don't know if it was announced. If it wasn't, you know that a third judge will be assigned to your case. All of our arguments, all of your arguments and our questions are recorded so that judge will be able to listen to oral argument as it occurred today. And so there will be a panel of three. Okay? Thank you very much. We're in recess.